**Mark Miller, 09563**
mmiller@hollandhart.com
**Ginger Utley, 11788**
gutley@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LANDESK SOFTWARE, INC.,** a Delaware Corporation, and **CRIMSON CORPORATION**, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>**WAVLINK TECHNOLOGY LTD.**, a Delaware corporation,<br><br>Defendant. | **AMENDED COMPLAINT**<br><br>Case No. 2:16-cv-00400-DN<br><br>Judge David Nuffer<br><br>**Jury Demand** |

Plaintiffs LANDesk Software, Inc. and Crimson Corporation (collectively "LANDesk" or "Plaintiff") presents the following Amended Complaint against Defendant Wavlink Technology Limited ("Defendant").

## **INTRODUCTION**

This is an action for trademark infringement, false designation of origin, unfair competition and related claims against Defendant based on its unauthorized and unlawful use of Plaintiff's WAVELINK mark.  Plaintiff brings this action under the Federal Lanham Act, the Utah Deceptive Trade Practices Act and common law to enjoin Defendant's unlawful conduct and for other relief as set forth in this Complaint.

1

## JURISDICTION AND VENUE

1. This is an action for trademark infringement, cybersquatting, and unfair competition under the Lanham Act (a.k.a. Trademark Act of 1946, 15 U.S.C. § 1051-1127, as amended) and unfair competition claims.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiff's federal claims.

3. This Court has personal jurisdiction over Defendant as it has transacted business in this District, the actions giving rise to this lawsuit have occurred in this District, and Defendant has caused damages to Plaintiff in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant, and because a substantial part of Defendant's acts and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5. Plaintiff LANDesk Software, Inc. is a Delaware corporation having its principal place of business in South Jordan, Utah. Plaintiff Crimson Corporation is a Delaware corporation and an affiliated company of LANDesk Software, Inc. under common ownership of LANDesk Group, Inc. Crimson Corporation is the assignee of the trademark registrations asserted herein and LANDesk Software, Inc. is the exclusively licensee of those trademark rights. LANDesk and Crimson Corporation will be collectively referred to herein as LANDesk or Plaintiff.

6. Plaintiff is informed and believes and thereon alleges that Defendant is a Delaware corporation with a place of business in Shenzhen, China. Defendant markets and sells WAVLINK-branded products via its www.wavlink.com website and other online marketplaces throughout the United States including in this judicial district.

## GENERAL ALLEGATIONS

**I.    PLAINTIFF'S WAVELINK MARK**

7. Plaintiff sells computer hardware and software goods and services and has continuously provided these high quality goods using the WAVELINK mark since at least 1993.

8. Plaintiff is the exclusive licensee[1] of various United States trademark registrations relating to its family of WAVELINK trademarks, including WAVELINK (U.S. TM Reg. No. 1,959,171), the WAVELINK logo (U.S. TM Reg. No. 2,653,644), WAVELINK STUDIO (U.S. TM Reg. No. 2,931,071), and WAVELINK AVALANCHE (U.S. TM Reg. No. 2,749,502) (sometimes referred to collectively as "Plaintiff's Marks"). A copy of these registrations is attached as Exhibit A.

9. Plaintiff's goods and services have been widely advertised and promoted under Plaintiff's Marks, and Plaintiff's Marks have become an asset of substantial value as a symbol of Plaintiff, its high quality goods, and its goodwill.

10. Plaintiff's goods and services are offered to the public through Plaintiff's internet site, www.WAVELINK.com, as well as through a physical sales force, authorized distributors and resellers, and other online retailers.

---

[1] The WAVELINK trademark registrations are assigned to and held by Crimson Corporation for the benefit of Plaintiff.

11. Plaintiff has achieved incredible commercial success in sales of its goods and services bearing Plaintiff's Marks and has enjoyed double digit growth almost continuously since its founding in 1992.

12. Plaintiff has spent millions in advertising and marketing using Plaintiff's Marks.

13. Plaintiff enjoys success and an enviable reputation in its field due in large part to its use of, and rights in, Plaintiff's Marks.

14. Plaintiff enforces its rights herein under Plaintiff's Marks in order to ensure Plaintiff's continued success and excellent reputation.

15. By reason of Plaintiff's advertising and promotion under Plaintiff's Marks, the public has come to recognize Plaintiff's goods as solely emanating from Plaintiff.

## II. DEFENDANT'S INFRINGING CONDUCT

16. Plaintiff is informed and believes and thereon alleges that Defendant promotes similar goods, namely computer hardware and software for wireless communications, under the mark "WAVLINK." A representative copy of Defendant's infringing products is attached as Exhibit B. The foregoing infringing mark used by Defendant is referred to as the "Infringing Mark".

17. Defendant's WAVLINK mark is nearly identical to Plaintiff's WAVELINK mark and is used on similar goods. In fact, the Infringing Mark differs from Plaintiff's WAVELINK mark by only a single letter (the omitted letter "e") and is identical in sound and meaning; thus, it is confusingly similar to Plaintiff's marks.

18. Defendant has sought federal registration of its Infringing Mark from the United States Patent and Trademark Office and has two pending applications for WAVLINK, including

Serial Nos. 86811303 and 79179900. A copy of Defendant's applications is attached as Exhibit C.

19. Defendant owns, operates, and/or controls the following domain name that also infringes the WAVELINK mark: www.Wavlink.com.

20. Defendant's use of the Infringing Mark is likely to cause consumer confusion and a false association between Plaintiff's goods and the goods offered by Defendant, falsely leading consumers to believe that the products emanate from the same source or that Plaintiff and Defendant are affiliated.

21. On information and belief, such diversion has resulted in, and will continue to result in, substantial and irreparable harm to Plaintiff, and to consumers in this District.

22. This offering to the public of goods by Defendant under the Infringing Mark has been and is without permission or authority of Plaintiff and without any license to the Infringing Mark.

23. The Infringing Mark has been used by Defendant and offered to the public utilizing this District as a forum for its infringing activities with knowledge of the source of the Infringing Mark and of the fact that the Infringing Mark is not genuine nor authorized by Plaintiff.

24. By using the Infringing Mark and offering goods for sale under the Infringing Mark, including but not limited to the promotion of goods by Defendant which are confusingly similar to those offered by Plaintiff, Defendant has misrepresented and falsely described to the general public the origin and source of Defendant's goods so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or

approval of Defendant's goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's goods.

25. Upon information and belief, Defendant's goods offered under the Infringing Mark are or may be poor in quality, and therefore has, does, and will continue to damage the goodwill Plaintiff has developed in connection with offering quality goods under Plaintiff's Mark.

26. Defendant, upon information and belief, with full knowledge of Plaintiff's Marks intended to, and did, trade on the goodwill associated with Plaintiff's Marks, and has misled and will continue to confuse and mislead the public into assuming a connection between Plaintiff and Defendant by Defendant's offering to the public of its goods under the Infringing Mark.

27. On information and belief, the use by Defendant of the Infringing Mark constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendant's goods offered to the public by Defendant as originating from, or connected with, Plaintiff, and constitutes utilizing false descriptions or representation in commerce.

28. The imitation, reproduction, and other unauthorized use of the Infringing Mark causes irreparable injury to Plaintiff, including injury to its business reputation.

29. Defendant's use of the Infringing Mark has, does, and is likely to permit Defendant to pass off its goods as those of Plaintiff, all to the detriment of Plaintiff, and to the unjust enrichment of Defendant.

30. Defendant has further passed off its goods in interstate commerce, as those of Plaintiff by its activities and many continuing misrepresentations to the consuming public,

members of which are likely to believe that Defendant's activities and related goods emanate from or are associated with Plaintiff.

31. Defendant's unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms it:

    a. Deprives Plaintiff of its absolute right to determine the manner in which its goods and services are presented to the general public;

    b. Deceives the public as to the origin and sponsorship of such goods and services;

    c. Wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in its trademarks; and

    d. To the extent Defendant's goods are or may be of inferior quality or unauthorized for sale or distribution, irreparably harms and injures Plaintiff's reputation.

32. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights.

33. Plaintiff is further entitled to recover from Defendant the damages, including treble damages, interest, and attorneys' fees and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## CAUSES OF ACTION

### COUNT I
### (TRADEMARK INFRINGEMENT UNDER § 43(a)(1)(A) OF THE LANHAM ACT)

34. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

35. Defendant has used in commerce words, terms and names that are likely to cause confusion, or to cause mistake or to deceive, as to whether Defendant is affiliated, connected, or associated with Plaintiff and/or as to whether Plaintiff originated, sponsored or approved of Defendant's activities.

36. By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

37. Plaintiff has been and will continue to be damaged by such wrongful actions.

38. Because Defendant's actions, on information and belief, were intentional, willful and/or deliberate, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

39. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT II
### (TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)

40. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

41. Plaintiff possesses valid federal trademark registrations (U.S. TM Reg. Nos. 1959171, 2653644, 2931071, 2749502) issued by the USPTO for the WAVELINK marks. *See* Exhibit A.

42. Defendant's actions as described above, including Defendant's unauthorized use of the Infringing Mark to promote its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship or approval of Defendant's products by Plaintiff. Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

43. Defendant's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's registered mark, as well as damages and irreparable injury to Plaintiff's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Defendant's continued use of Plaintiff's registered mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's Mark, and makes this case exceptional.

44. By virtue of the foregoing, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

45. By virtue of the foregoing, Plaintiff is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

46. By virtue of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## COUNT III
### (CYBERSQUATTING—LANHAM ACT § 43(d))

47. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

48. Plaintiff has not authorized Defendant to use the WAVELINK mark or any mark confusingly similar within any internet domain name, or as a portion of any internet domain name.

49. On information and belief, Defendant registered, owns, and operates the Infringing Domain: www.wavlink.com.

50. The Infringing Domain is, as a whole, confusingly similar to the WAVELINK mark, as it is nearly identical in sight and is identical in sound and meaning to Plaintiff's WAVELINK mark.

51. The WAVELINK mark was distinctive at the time Defendant registered and began using the Infringing Domain.

52. Plaintiff is informed and believes and on that basis alleges that Defendant registered, trafficked in, and used the Infringing Domain with a bad faith intent to profit from the goodwill Plaintiff has established in the WAVELINK mark. As such, Defendant has no legitimate interest in the Infringing Domains.

53. Defendant's registration and use of the Infringing Domain violates Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), thus entitling Plaintiff to relief.

54. By reason of Defendant's acts as alleged herein, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant's conduct.

55. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

56. Plaintiff is entitled to an order requiring Defendant to transfer the Infringing Domain to Plaintiff.

57. Plaintiff is informed and believes and on that basis alleges that Defendant's acts are willful and malicious, and intended to injure and cause harm to Plaintiff.

58. By reason of Defendant's acts as alleged herein, Plaintiff is entitled to recover Defendant's profits, if any, from sales made through the Infringing Domains, any damages sustained by Plaintiff, and the costs of this action under 15 U.S.C. § 1117.

59. By reason of Defendant's actions as alleged herein, Plaintiff is entitled to recover, at its election, instead of Defendant's profits and damages sustained by Plaintiff, statutory damages in an amount of $100,000 per domain name under 15 U.S.C. § 1117(d).

60. This is an exceptional case making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT IV
### (UTAH DECEPTIVE TRADE PRACTICES – U.C.A. § 13-11A-3)

61. Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

62. By using the Infringing Mark, Defendant has passed off its goods as those of Plaintiff.

63. On information and belief, Defendant knowingly made a false representation as to the source, sponsorship, approval, or certification of goods by its use of the Infringing Mark with knowledge of Plaintiff's Mark.

64. The foregoing misconduct of Defendant constitutes deceptive trade practices under Utah Code Annotated § 13-11A-3.

65. Plaintiff is entitled to recover damages to fairly and reasonably compensate it for Defendant's conduct.

66. Plaintiff is entitled to prevent, restrain and enjoin Defendant from current and future uses of Plaintiff's Mark.

67. Plaintiff is entitled to an award of its attorneys' fees for being required to file and prosecute this action.

68. Plaintiff has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendant's acts, and therefore is entitled to preliminary and permanent injunctive relief to enjoin Defendant from further misconduct.

### COUNT V
### (UNJUST ENRICHMENT)

69. Plaintiff realleges and incorporates by this reference all of the foregoing paragraphs.

70. Defendant has benefited from the improper, unfair, and unauthorized use of Plaintiff's exclusive trademark rights and goodwill attendant thereto, as alleged above.

71. Defendant has knowledge and fully appreciates the benefits it has received from Plaintiff as a result of such actions.

72. Defendant would be unjustly enriched if it were permitted to retain the proceeds obtained from such actions.

73. Equity and good conscience dictate that Defendant be required to account for and turn over to Plaintiff an amount equal to the value of the benefits conferred upon it.

### JURY DEMAND

Plaintiff demands that all claims and causes of action raised in this complaint against Defendant be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of Plaintiff's rights in Plaintiff's Marks;

B. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from using any marks similar to Plaintiff's Marks that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Plaintiff and as to whether Defendant's goods have been authorized or sponsored by Plaintiff;

C. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from engaging in unfair competition;

D. Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to the source, sponsorship, approval, or certification of goods by its use of the Infringing Mark;

E. Preliminarily and permanently enjoining Defendant, and all other persons acting in concert with it, from making a false representation as to affiliation, connection, association with, or certification by another, by its use of the Infringing Mark;

F. An order of the Court directing Defendant to deliver up to Plaintiff all literature, advertisements, business forms, domain names, signs, and any other representations, regardless of form, which are in, or come to be in, Defendant's possession, custody, or control and which bear the Infringing Mark or any confusingly similar variant, and an order from the Court compelling Defendant to notify its direct customers, agents, and representatives that the Infringing Mark or any confusingly similar variant is not connected with Plaintiff;

G. An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

H. Awarding Plaintiff its actual damages, and awarding Plaintiff any additional

damages that the Court deems just and equitable under the circumstances of the case;

I.Awarding Plaintiff treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claim asserted under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a);

J.Establishment of a constructive trust consisting of profits from or obtained by Defendant's wrongful acts, to be held for the benefit of Plaintiff;

K.Awarding Plaintiff damages to which it is entitled based upon Defendant's unjust enrichment;

L.Awarding Plaintiff prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment;

M.Awarding Plaintiff its allowable costs and attorneys' fees; and

N.Awarding Plaintiff such other and/or further relief as is just and equitable.

Dated this 13th day of May 2016

HOLLAND & HART LLP

/s/ Mark A. Miller
Mark A. Miller
Ginger Utley

*Attorneys for Plaintiffs*
LANDesk Software, Inc.
Crimson Corporation